GEORGE WINCOCK *et al.*

*v.*

VIRGINIUS A. TURPIN.

*Filed at Ottawa September 25, 1880.*

1. CHANCERY PLEADING—*bill to enforce individual liability of stockholders.* A bill in chancery by the receiver of a bank, and a creditor as a depositor, to enjoin certain actions at law against stockholders, and to enforce their individual liability, which fails to allege that they are liable for the unpaid balance of their stock, or under a clause in the bank charter which renders shareholders liable to depositors to the amount of shares of stock held by them, or that their liability was incurred in some other way, is too vague and indefinite to sustain a decree for the relief sought.

2. STOCKHOLDERS—*liability—remedy.* Where the charter of a bank provides that all the stockholders shall be severally and individually liable to the depositors of the bank to the amount of stock held by them, respectively, for six months after the sale and transfer of their stock, the liability of the stockholders will be several and to depositors only, and not to the bank, or creditors other than depositors, and the remedy of a depositor against a stockholder in such case is at law.

3. Where a liability is created by statute, the remedy is at law, unless the statute provides for proceedings in equity, and when this is the case in respect to stockholders in a bank under a special charter, the fact that the affairs of the corporation have passed into the hands of a receiver, will not change the right of the creditor to sue the stockholder at law.

4. If the statute should make the liability of stockholders of a corporation joint for the debts of the corporation, and not individual and several, it seems a court of equity would be the proper forum in which to enforce the same.

5. SAME—*general law does not apply to corporations under special charter.* Section 25 of the general incorporation law of 1872, which provides that when certain contingencies arise, suits in chancery may be brought by joining the corporation in the suit against all the stockholders, and each stockholder may be required to pay his *pro rata* share of the debts against the corporation to the extent of his unpaid stock, after exhausting the assets of the corporation, applies only to corporations organized under that law, and does not embrace bodies created by special charters.

6. RECEIVER—*his powers.* Where a receiver is appointed for a bank, he succeeds to all its rights in all of its property, claims and demands, to sell and dispose of, and reduce to money, to be paid under the order of the court to the creditors of the bank according to their rights; but he does not become a trustee for depositors, to manage, settle and enforce their claims against stockholders, where the statute expressly gives the right of action at law to them.

7. STOCKHOLDER—*right to contribution among.* Where a stockholder in a corporation, the charter of which imposes an individual liability upon its stockholders for the debts of the corporation, has been sued and paid the recovery to a creditor, he will be entitled to contribution from all the other stockholders, and in enforcing that right it may be that a court of equity is the proper forum, as in it he can compel each shareholder to contribute *pro rata* according to the number of shares he may hold.

WRIT OF ERROR to the Appellate Court for the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and Hon. GEORGE W. PLEASANTS and Hon. JOSEPH M. BAILEY, Justices;—heard in that court on appeal from the Superior Court of Cook county, the Hon. SAMUEL M. MOORE, Judge, presiding.

The Fidelity Bank was organized under an act of the legislature of this State, approved February 15, 1865, and transacted a general deposit, savings and loan business until it became insolvent, in September, 1877, when the appellee was appointed receiver of the bank by the Superior Court of Cook county, upon complaint of a creditor, alleging its insolvency, and by confession and consent of the bank.

After the suspension of the bank, various depositors (among whom were appellants) commenced separate suits at law against different stockholders of the bank to recover,

under the provisions of that act, the amount due them as depositors.

Afterwards appellee, as receiver, having procured one Potter, a creditor of the bank to the amount of $45, to join him, commenced this suit in chancery to enforce the liability of the stockholders and to restrain the depositors from prosecuting their said suits at law. The depositors, including appellants, demurred to the bill, but the court over-ruled the demurrers and perpetually enjoined the appellants and all other depositors from commencing suit or prosecuting suits already commenced, to recover of the stockholders, as a body, or of any individual stockholder, any claim which such depositor might have against said bank. The Appellate Court for the First District affirmed the decree of the Superior Court, and from that decision this appeal was prayed.

Messrs. ROGERS & APPLETON, Mr. D. J. SCHUYLER, and Messrs. SHUFELDT & WESTOVER, for the appellants:

1. The liability of stockholders, under the particular provision of the charter in question, is not to the bank, but is an original and primary liability to the depositors in the corporation, and becomes a debt due from each stockholder to each depositor, the moment a debt be contracted by the corporation for a deposit. *Corning* v. *McCullough*, 1 Com. 47; *Allen* v. *Sewell*, 2 Wend. 327; *Harger* v. *McCullough*, 2 Denio, 123; *Aspinwall* v. *Sacchi*, 57 N. Y. 335; *Lindsay* v. *Hyatt*, 4 Edw. Ch. 104; *Culver* v. *Third National Bank*, 64 Ill. 535; *Fuller* v. *Ledden*, 87 id. 310; *Ingalls* v. *Cole*, 47 Me. 530; *Eaton* v. *Aspinwall*, 19 N. Y. 119; *Stanley* v. *Stanley*, 26 Me. 191; *Paine* v. *Stewart*, 33 Conn. 516; *Adkins* v. *Thornton*, 19 Ga. 325; *Middletown Bank* v. *Magill*, 5 Conn. 28; *Southmayd* v. *Russ*, id. 52; *Sherman* v. *Smith*, 1 Blackf. 587; *Wright* v. *Field*, 7 Porter (Ind.), 376; *Patterson* v. *Arnold*, 45 Pa. St. 376; *Bank of Poughkeepsie* v. *Ibbotson*, 24 Wend. 473; *Spear* v. *Crawford*, 14 id. 30; *Simondson* v. *Spencer*, 15

id. 548; *Garrison* v. *Howe,* 17 N. Y. 458; *Burr* v. *Wilcox,* 22 id. 551.

2. It is, therefore, no part of the assets of a corporation, and will not pass to a receiver of the corporation or to an assignee thereof. *Dutcher* v. *Marine National Bank,* 12 Blackf. 435; *Judson* v. *Rossie Galena Co.* 9 Paige 597; ·*Arenz* v. *Weir,* 89 Ill. 25.

3. Being an original and primary liability, it is not a liability incurred by the stockholders *en masse,* but attaches to those alone who are stockholders of the corporation at the time a debt is contracted. *Corning* v. *McCullough,* 1 Com. 47; *Moss* v. *Oakley,* 2 Hill, 268; *Harger* v. *McCullough,* 2 Denio, 122; *Adderly* v. *Storm,* 6 Hill, 636; *Tracy* v. *Yates,* 18 Barb. 152; *Southmayd* v. *Russ,* 5 Conn. 28; *Holyoke Bank* v. *Burnham,* 11 Cush. 183; *Culver* v. *Third National Bank,* 64 Ill. 537; *Fuller* v. *Ledden,* 87 id. 310.

4. It follows, from the foregoing principles, that the liability being not *en masse,* but strictly a legal liability of certain individual stockholders to certain individual creditors, and it being no part of the assets or property of the corporation, the remedy can not be in favor of the receiver; it can not even be in favor of the creditors, as a body, against the stockholders *en masse,* but it is solely *at law,* at the suit of individual creditors. *Culver* v. *Third National Bank,* 64 Ill. 529; *McCarthy* v. *Lavasche,* 89 id. 270; *Arenz* v. *Weir,* id. 25; *Paine* v. *Stewart,* 33 Conn. 516; *Judson* v. *Rossie Galena Co.* 9 Paige, 597.

5. If it should be held that the remedy in this case might be either at law or in equity (although we most assuredly deny it could be in equity), the depositors having elected a remedy at law, and commenced their action to enforce a clear legal right, *before the bill in this cause was filed,* can not be enjoined in this proceeding, at the instance of either receiver or a creditor, from prosecuting their several actions. *Judson* v. *Rossie Galena Company, supra; Arenz* v. *Weir, supra.*

The familiar rule that in cases of concurrent jurisdiction,

the court first acquiring jurisdiction will proceed with the case to judgment, applies with full force to this proceeding.

· 6.    The additional and further liability of corporators for the debts of the corporation, as generally modified and provided by statute or charter, is in no manner whatever an obligation to the company, but is a liability direct to creditors of the corporation.    This principle is distinctly asserted in *Ingalls* v. *Cole,* 47 Me. 530; *Stanley* v. *Stanley,* 26 id. 191; *Paine* v. *Stewart,* 33 Conn. 516; *Southmayd* v. *Russ,* 5 id. 52; *Adkins* v. *Thornton,* 19 Ga. 325; *Middletown Bank* v. *Magill,* 5 Conn. 28; *Sherman* v. *Smith,* 1 Black, 587; *Atwood* v. *R. I. Agricultural Bank,* 1 R. I. 376; *Patterson* v. *Arnold,* 45 Pa. St. 410; *Coleman* v. *White,* 14 Wis. 700; *Wright* v. *Field,* 7 Porter, 376; *Bank of Poughkeepsie* v. *Ibbotson,* 24 Wend. 473; *Spear* v. *Crawford,* 14 id. 20; *Simondson* v. *Spencer,* 15 id. 548; *Garrison* v. *Howe,* 17 N. Y. 458; *Harger* v. *McCullough,* 2 Denio, 119; *Burr* v. *Wilcox,* 22 N. Y. 551; *Culver* v. *Third Nat. Bank,* 64 Ill. 529.

The following are a few of the cases where a particular remedy was prescribed by statute:    *Martin* v. *Rossie Lead Mining Co.,* 2 Sanf. Ch. 333; *Bogardus* v. *Rosendale Manf'g Co.* 4 id. 92; *Walker* v. *Crane,* 17 Barb. 119; *In re Empire City Bank,* 18 N. Y. 199; *Story* v. *Furman,* 25 id. 214; *Pruym* v. *Van Allen,* 39 Barb. 354; *In re Oliver Lee's Bank,* 21 N. Y. 9; *Calkins* v. *Atkinson,* 2 Lansing, 13; 101 Mass. 385; 106 Mass. 131; 109 Mass. 473.

Messrs. HITCHCOCK, DUPEE & JUDAH, for the appellee:

On the part of the appellants, it is contended that the liability of the stockholders is at law, and directly to the depositors.

On the part of the appellee, it is insisted that, as the bank is insolvent and in the hands of a receiver, being wound up under the law, and all the stockholders parties by supplemental bill, the liability creates a fund to be administered upon equitable principles for the benefit of *all* the depositors,

and is so far an asset that the receiver is a proper party to sue upon it in equity, and the only party who can enforce it, if he is ready and willing to do so.

To maintain the position of the appellee, the following authorities will be cited: *Honore* v. *Henning*, 3 Otto, 228; *Coleman* v. *White*, 14 Wis. 762; *Harris* v. *Dorchester*, 23 Pick. 112; *Crease* v. *Babcock*, 10 Met. 525; *Storey* v. *Forman*, 25 N. Y. 215; *Pollard* v. *Bailey*, 20 Wallace, 520; Hurd's Statutes, p. 290, ch. 32 § 25 (as amended); Laws of 1877, p. 66; *Chandler* v. *Brown*, 77 Ill. 333; *Richardson* v. *Akin*, 87 id. 138.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Turpin, as receiver of the Fidelity Savings Bank, and Potter, a depositor therein to the amount of $45, filed this bill. It alleges that it is brought on behalf of Turpin as trustee of all depositors in the bank to whom money is due; that the bank was incorporated under an act of the General Assembly, approved on the 15th day of February, 1865, and transacted business as a savings bank until the 24th day of September, 1877, at which time it became insolvent. Thereupon a bill was filed, under which Turpin was appointed receiver, and the corporation dissolved, and its property and assets were conveyed to the receiver; that Turpin qualified as receiver, and took possession of the property and estate of the bank; that the assets of the bank are less than the liabilities to at least the amount of its capital stock, which is $200,000. The bill claims the liability of the stockholders under the charter is to the depositors *pro rata*, and when collected the money is assets to be distributed according to the principles of equity; that the several depositors who are made defendants have brought suits against a number of shareholders, and there is danger that these parties may obtain judgments and secure priority of payment and inequitable advantages; that the liability of stockholders can only

be established in a court of equity, which may marshal assets and determine the date of deposits, and the time and good faith of transfers of stock, and secure to depositors as an aggregate body their rights, and prevent a preference to any one depositor by his action at law.

The bill alleges that Haines and others were stockholders at the time the bill for a receiver was filed; that one Wintherbottam claims to have transferred his stock, but was a stockholder within six months prior to filing the bill, and was still liable; that Wincock, Mary H. Teed and other persons had commenced suits at law or in equity to obtain inequitable priority over the general creditors in the liability of stockholders.

A demurrer was interposed to the bill, but on a hearing thereon it was overruled, the bill taken as confessed, and the defendants perpetually enjoined from prosecuting their suits. They thereupon prosecuted an appeal to the Appellate Court, where, on a hearing, the decree of the Superior Court was affirmed, and they have brought the case to this court, and assigned errors on the record.

This bill is singularly indefinite as to the manner or the grounds of liability of the stockholders. It is not alleged that they are liable for the unpaid balance of their stock, or under the clause in the charter which renders shareholders liable to the depositors to the amount of the shares of stock held by them; or that their liability was not incurred in some other manner. The bill is too indefinite, vague and uncertain to sustain a decree granting the relief sought.

But both parties argue the case on the grounds of liability of the stockholders to the depositors, created by the sixth section of the original charter. That section provides that the shareholders shall be liable, and reads:

"All the stockholders of said corporation shall be severally and individually liable to the depositors to the amount of stock held by them respectively, and such liability shall continue for six months after the sale and transfer of said stock

by any stockholder, and all suits brought against any stock-holder must be commenced within six months from the time he shall cease to be a stockholder."

The language of this section, in terms, is to the depositors and to the amount of stock held by them respectively, and the liability is declared to be several and individual. By no recognized rule of construction can it be held that this liability is to the bank, or that it is joint. Language could not make it plainer than the liability is individual and several, and it is to the depositors. The liability is legal, is created by the statute, and must be controlled by its provisions. When the statute creates a liability, the remedy is invariably at law, unless the statute provides for proceedings in equity. This is so plain as to be almost axiomatic. It is so well understood as to require no discussion, or citation of authority. When the statute has declared that the liability of the stockholders shall be to the depositors, it would seem that it might be supposed other persons were precluded from interfering or intermeddling with a matter which alone interests or concerns the depositors. We have searched in vain to find any law that confers the right on the bank or on the receiver to take the matter out of the hands of the depositors, and enforce their rights. The statute having conferred the right on the depos-itors, they should be left alone to seek a remedy if they choose, without interference by others.

When the receiver is appointed, he succeeds to the rights of the bank in all of its property, claims and demands, to sell, dispose of, and reduce to money to be paid, under the order of the court, to the creditors of the corporation, according to their rights. He, by his appointment, does not become a trustee or guardian for the depositors, to manage, control, settle or enforce their individual claims by suit or otherwise. The statute. having conferred the right on the depositor, it is as absolutely his individual claim as any claim he may hold against any other individual for or on account of any business transaction. If, then, the receiver has any right to interfere

and to act for the depositors in this bank, we would expect to find some statute which confers it. The right conferred is not to the general creditors of the bank, but to the depositors of the bank. Then, why should he be made a trustee or agent to collect the money due from the shareholders to the depositors?

Nor does the complainant, who is a depositor, show a single fact that requires equity to restrain the other depositors from collecting their claims. It may be a state of facts might exist which would authorize a court of equity to bring before it all the stockholders and depositors and determine their rights and adjust equities, marshal the fund and distribute it *pro rata,* but no such case is made by this bill; and until such a case shall be made we must leave the depositors to pursue their remedies under the law. We have held in a number of cases that as the right is given by statute the remedy is at law. *Culver* v. *Third National Bank,* 64 Ill. 528; *Corwith* v. *Culver,* 69 id. 502; *Tibballs* v. *Libby,* 87 id. 142; *Arenz* v. *Weir,* 89 id. 25; *McCarthy* v. *Lavasche,* 89 id. 270, and *Fuller* v. *Ledden,* 87 id. 310.

In the cases of *Tibballs* v. *Libby,* and *Arenz* v. *Weir,* it was held, that the fact that the affairs of the corporation had passed into the hands of a receiver did not change the right of the creditor to sue and recover from the stockholder at law.

In other jurisdictions the rule has not been uniform. Even in the same courts, at different times, the one or the other rule has obtained, but in this jurisdiction the rule is uniform that the remedy is at law.

Had the statute made the liability of the shareholders joint and not individual and several, then it would be but fair to suppose that equity should be the proper forum. If each shareholder may be sued in equity severally, what advantage can be gained over an action at law? The expenses would be greater. The delay would be increased, and no practical advantage could result. We have found no adjudication out-

side of this class of cases in which it has been held that a statutory remedy must be enforced in equity, unless so required by the statute. After a shareholder has been sued, and paid the recovery, he is no doubt entitled to contribution from all of the other shareholders, and in enforcing that right it may be in such a case equity would be the proper forum, as he could thus compel each shareholder to contribute *pro rata*, according to the number of shares each might hold.

This was intended to be a proceeding under the General Incorporation law. The 25th section of that act provides, that when certain contingencies arise, suits in chancery may be brought by joining the corporation in the suit against all of the stockholders, and each stockholder may be required to pay his *pro rata* share of the debts against the corporation to the extent of the unpaid portion of his stock after exhausting the assets of such corporation, etc. But that section only applies to corporations organized under that chapter. It does not apply to or embrace bodies created by special charter. Nor does it in terms embrace liabilities of the character of the claims in this case. Hence that section can have no kind of application to this case.

If complainant was misled by the case of *Coates* v. *Cunningham*, we will say that we decided that case under a misapprehension of the facts. It was supposed that corporation had been organized under a general law, and the proceeding was for unpaid stock. But on inspecting the transcript we find it was created by a special charter. That case is overruled.

We are referred to the case of *Chandler* v. *Brown*, 77 Ill. 333, as announcing a different doctrine. That case differs widely from this in the fact that it was to enforce unpaid subscriptions for stock. The subscriptions in that case were due to the company. It could, before its affairs were placed in the hands of a receiver, have sued and recovered the unpaid balance of the subscriptions, and by his appointment

the receiver succeeded to all of the rights of the corporation for the benefit of its creditors, and he could sue and recover unpaid subscriptions, to pay such creditors, for an amount necessary for the purpose, after the other assets were exhausted. And, as it was necessary to first ascertain the amount that would be required for the purpose, and if only a per cent of the unpaid stock should be required, to ascertain it and require payment *pro rata,* this rendered the proceedings in equity proper. But the individual liability of the shareholders to the creditors was not involved, nor was any question connected with that liability decided.

The case of *Richardson* v. *Akin,* 87 Ill. 138, was an action of assumpsit, by a creditor against a stockholder. The corporation in which the defendant held stock was organized under the General Incorporation law of 1857. The indebtedness sued for accrued in 1873. And it was held, that, had the liability accrued and suit at law been brought before the incorporation law of 1857 was remodeled in 1872, a recovery at law might have been had, but the 25th section of the latter act had transferred the jurisdiction to the court of equity. Having repealed the former act and adopted the 25th section of the latter act, the jurisdiction was thereby transferred to equity. But that was a case of an organization under the General Insurance law, and the decision can only apply to cases under that law.

The case of *Low* v. *Buchanan,* 94 Ill. 76, was also a case involving the liability of directors and officers in a stock company for a debt of the company, under the provisions of the sixteenth section of the general incorporation law. Inasmuch as that section renders the directors and officers of such bodies liable for the excess of indebtedness above the amount of its capital stock, when they assent thereto, it was held that equity was the proper forum in which to ascertain the rights of all the parties in interest, and to adjust them. At any rate that was under the incorporation act of 1872, and

but followed in spirit the case of *Richardson* v. *Akin, supra,* and has no application to the present case.

The decree of the court below must be reversed.

*Decree reversed.*

SCOTT and SHELDON, J. J., dissenting.

DICKEY, Ch. J.: I think the demurrer ought to have been sustained to the bill, upon the ground that Turpin, as receiver, is in no sense the 'representative of the depositors, and merely on the statements in this bill has no interest in the subject matter, and there was therefore a misjoinder of complainants. For this error I think the decree ought to be reversed. I do not concur in the views expressed in the opinion as to the construction of the section of the charter on which the proceeding is founded. I think the liability of each stockholder is several; but that liability is not to each depositor, but to all the depositors *as a class,* and can only be appropriately enforced in a court of equity. I think this follows from the reasoning in *Low* v. *Buchanan,* 94 Ill. 76. The bill shows certain of the depositors had already brought a suit or suits. In such case the appropriate remedy for Potter, the complainant,—claiming here as a depositor,—would be *to* apply *to* the court in which is pending the chancery suit already begun, to be let in as a party thereto, and to take measures to have all the depositors brought in.