SARAH D. MYERS

*v.*

MARSHALL FIELD *et al.*

*Filed at Ottawa June 19, 1893.*

1. CREDITOR'S BILL—*to reach property not subject to levy on execution.* Where a wife suffers an execution against her, issued upon a judgment against her, to be returned "no property found," the creditor may, by his bill, have securities in the wife's hands subjected to the satisfaction of his judgment.

2. MARRIED WOMAN—*her property liable for her own debts.* A judgment against a married woman, whether on her liability for the ex-

penses of the family or on some other cause of action, will be enforcible against her separate property. The act of 1861 did not exempt the wife's property from execution for her own debts.

3. Where a *feme covert* is the sole and exclusive owner of property, she will hold it with all the incidents of property,—the right of selling, giving or charging it with the payment of her debts. It is an incident of ownership that property shall be liable for its owner's debts.

4. SAME—*law making her property liable for expenses of the family.* Whatever is a legitimate expense of the family is for the wife's benefit as she is a part of the family, and the legislature has the power to enact that she or her property shall be liable for a debt incurred by her or for her benefit. Debtors have no vested right not to pay their debts. What debtors may have or acquire, the State may subject to legal process for the satisfaction of creditors.

5. CONSTITUTIONAL LAW—*repeal or change of exemption laws—vested right.* The exemption of the wife's separate property from liability for the expenses of the family, under the act of 1861, was a privilege, and it is well settled that the citizen has no vested right in statutory privileges and exemptions, where no element of contract or grant arises out of the statute. Such privileges and exemptions rest upon reasons of public policy, and may be recalled or changed by the legislature.

6. Under the act of 1861, relating to married women, appellant became seized of a house and lot as her separate property, and she and her husband occupied the property until in April, 1887, when she sold and conveyed the same for over $5000 in securities, which she received and still holds. At the August term, 1888, appellee recovered a judgment against the appellant for a debt which was claimed to be for family expenses: *Held,* that the creditor might enforce the judgment against the property of the appellant on creditor's bill, whether the original debt was for family expenses or other cause of action.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

Messrs. G. W. & J. T. KRETZINGER, for the appellant:

Appellant became the owner of the property, the proceeds of which are involved, in January, 1866, under the full force and effect of section 1 of the act of 1861, entitled "Married Women," which, in express words, exempted the property from the disposition or debts of her husband. .This law, and the exemption therein written, became a part of the deed vesting

the property in her, with the same application and effect as if the same had been therein written.

This provision of the statute, and the exemption therein contained, and its full force and effect, could not be withdrawn from said deed by subsequent legislation without impairing the contract rights and obligations of said deed, which is prohibited by the constitution of the State and the constitution of the United States.

No statute is given retroactive force and effect unless it so expressly provides and declares in clear, unambiguous words that such is the legislative purpose and intent; and if the effect of such retroactive force is to destroy vested rights or impair the obligation of contracts, the provisions of such statute giving and declaring the force and operation thereof to be retroactive will be held unconstitutional and void.

Before the act of 1874, and under the common law, the husband was alone liable for family necessaries, and the wife was not liable therefor, either in law or in equity,—it was his sole and exclusive debt and liability. While section 15 of the act of 1874 makes this debt of the husband a liability against the wife, and a new burden upon and against her separate property without her consent, it does not purport, either in express words or by implication, to give to such action any retroactive force and effect whatever, without which it will be held to have been the purpose and intention of the legislature that it should have prospective force and effect only, even though its retroactive operation would not, in any manner or degree, destroy vested rights or impair the obligation of pre-existing contracts.

In support of the foregoing points see Bishop on Law of Married Women, sec. 64; *Dubois* v. *Jackson,* 49 Ill. 49; *Farrell* v. *Patterson,* 43 id. 52; *Hanchett* v. *Rice,* 22 Ill. App. 422; *Reeves* v. *Webster,* 71 Ill. 307; *Rose* v. *Sanderson,* 38 id. 247; *Buchanan* v. *Lee,* 69 Ind. 117; *Cole* v. *Van Riper,* 44 Ill. 58; *Walter* v. *Reamy,* 36 Pa. St. 410; 1 Mackey, 111; 65 Ill. 129.

Messrs. Wilson, Moore & McIlvaine, for the appellees:

The demand here was on Sarah D. Myers. If she was not liable, that should have been shown in defense to the action at law. The judgment against her is conclusive evidence of her individual liability.

This court has held that statutes confirming dower, or providing for the descent of property, and the like, are wholly within the control of the legislature, and may be changed, notwithstanding any subsisting relations of parties affected.

The contention of counsel for appellant is practically a claim that the statute of 1874 is unconstitutional, for that act, as construed by this and other States, creates a general personal liability of the wife for family expenses. It does not merely charge them upon her property. *Hudson* v. *King*, 23 Ill. App. 118; *Hayden* v. *Rogers*, 22 id. 558; *Gaubensklee* v. *Low*, 29 id. 409; *Walcott* v. *Hoffman*, 30 id. 77; *Harrison* v. *Hill*, 37 id. 32.

If the act were in fact unconstitutional, appellant here can not raise the question, for it was determined to the contrary by the Superior Court in the common law proceeding, which has not been appealed from or attacked. The judgment stands here as establishing a general indebtedness, which is payable out of any of appellant's property, as any other debt might be.

The lengthy argument of counsel to prove that the act of 1874 should not be construed to be retroactive is wholly immaterial, for two reasons: First, there is no claim that it was,—the purchase of goods on which the judgment was obtained was made after and not before 1874; and second, the fact that a cause of action arose against appellant upon said purchase has been adjudicated and settled by the Superior Court. Unless it could be shown that a general judgment may, by evidence in a collateral proceeding, be limited to specific property, like a foreclosure decree, appellant is estopped from raising the question.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a creditor's bill, filed in the Circuit Court of Cook County by the appellees as partners against the appellant and her husband, Eugene B. Myers. The judgment was recovered against the appellant alone in the Superior Court of Cook County at the August Term, 1888, and the execution issued thereon was duly returned "no property found." Answers and replications were filed, and the case was heard upon an agreed state of facts. The first count of the declaration in the suit, in which the judgment was rendered, declares for goods sold to the defendants, as husband and wife, which "were and became matter of the expenses of the family." The other counts are the ordinary common counts.

It appears from the statement of facts as agreed to, that not later than January, 1866, Eugene B. Myers purchased and paid for in cash a lot, which he caused at that date to be conveyed to his wife, Sarah D. Myers, the present appellant, he being at that time solvent and out of debt, and making the purchase and payment in good faith; that they continued to occupy said lot as a homestead from that date until April 19, 1887, when it was disposed of, and said appellant, Sarah D. Myers, received therefor in value more than $5000.00, which she still holds in securities; that said Eugene does not hold any property or securities, as trustee, or in his own name, or otherwise, for said Sarah, or in which she has any interest; that said premises, so purchased for appellant and deeded to her in January, 1866, were disposed of by her before the entry of said judgment, and were not so disposed of for the purpose of defrauding the complainants below, the appellees here. The Circuit Court, in its decree, found that the defendant, Sarah D. Myers, owned, and had in her possession, when the bill was filed, money or securities more than sufficient to pay said judgment, all of which were derived by her from the proceeds of the sale of real estate owned by her before the passage of

the law making the husband and wife liable for the expenses of the family; and that the same were liable in her hands to be applied to the satisfaction of said judgment; and ordered, that she immediately pay the amount due on said judgment with costs, etc. This decree has been affirmed by the Appellate Court, and is brought here for review by appeal from the latter Court.

Section 1 of the act of 1861, entitled "Married Women," provided: (Gross' Stat. of 1871, page 439,) "All the property, both real and personal, belonging to any married woman as her sole and separate property, or which any woman hereafter married owns at the time of her marriage, or which any married woman, during coverture, acquires in good faith from any person other than her husband, by descent, devise or otherwise, together with all the rents, issues, increase and profits thereof, shall, notwithstanding marriage, be and remain during coverture, her sole and separate property, under her sole control, and be held, owned, possessed and enjoyed by her the same as though she was sole and unmarried and shall not be subject to the disposal, control or interference of her husband, and shall be exempt from execution or attachment for the debts of her husband."

In 1874, section 15 of the present law entitled "Husband and Wife," was enacted, which provides: "The expenses of the family and of the education of the children shall be chargeable upon the property of both the husband and wife, or either of them, in favor of the creditors therefor, and in relation thereto they may be sued jointly or severally."

The question, which is alleged to arise out of the application of these statutes to the facts above recited, is this: If a married woman owned property while the Act of 1861 was in force, and which, by the terms of that Act, was exempt from execution for the debts of her husband, can the subsequent Act of 1874 be so far enforced against such property, or the proceeds of its sale, as to subject it to the payment of a judg-

ment rendered against the wife for the expenses of the family? It is contended, that the right of the wife, under the Act of 1861, to have the property, belonging to her as her sole and separate property, exempt from execution for the debts of her husband was a vested right which she could not be deprived of by subsequent legislation. If this were true, it cannot be said that there is an attempt here to subject the wife's property to her husband's debt. The effort is to make it liable for her own debt. Section 15 of the Act of 1874, as above quoted, was adopted from the Iowa statute, and we concur in the interpretation which the Supreme Court of Iowa has given to it. That Court said, in reference to this section, in *Frost* v. *Parker*, 65 Iowa, 178: "Here a right is created and a liability declared, but no remedy is provided or pointed out. The right declared is, that the creditor of the husband or wife, for family expenses, may have a remedy against both. The liability created is, that both shall be liable for family expenses. * * * It has been held that, under this provision, each is personally liable." (Referring to *Smedley* v. *Felt*, 41 Iowa, 588, and other cases).

The judgment is against Mrs. Myers alone, and not against her husband, or against her husband and herself. If it is allowable or necessary to go behind the judgment and examine the declaration, the assumption, that the judgment was necessarily rendered for the cause of action set out in the first count, towit: "expenses of the family," rather than for some other cause of action embraced in the general consolidated counts, can make no difference as to the personal liability of the appellant. The judgment being against her alone and for a cause of action which was her personal liability, ought to be enforcible against her own property. The Act of 1861 did not exempt the wife's property from execution for her own debts. On the contrary, it provided that her property should be under her sole control, and should be held and owned by her the same as though she was sole and unmarried. It is an incident of

ownership, that property should be liable for its owner's debts. (Stewart's Husband and Wife, secs. 204 and 206). Where a *feme covert* is the sole and exclusive owner of property, she holds it with all the incidents of property, the right of selling, giving, or charging it with the payment of debts. (*Clark* v. *Valentine*, 41 Ga. 143).

It seems, however, to be claimed by counsel for appellant that, before the Act of 1874, the husband was liable for the expenses of the family; that by that Act the wife was made to share the liability of the husband; and that the Act cannot have the effect of charging such newly created liability upon property owned by the wife before its passage without giving to it a retrospective operation. It is conceded, that the debt, for which the judgment in this case was rendered, accrued after the Act of 1874 was passed. The first section of the Act provides, that a married woman may, in all cases, sue and be sued without joining her husband with her to the same extent as if she were unmarried, and an attachment or judgment in such action may be enforced by or against her as if she were a single woman. Whatever is a legitimate expense of the family is for her benefit, as she is a part of the family. We see no reason why the legislature has not the power to say, that she or her property shall be liable for a debt incurred by her, or for her benefit. Debtors have no vested right not to pay their debts. What they have and what they acquire the State may subject to legal process for the satisfaction of creditors. (*Harris* v. *Glenn*, 56 Ga. 94). The exemption of the wife's separate property from liability for the expenses of the family under the Act of 1861 was a privilege. It is well settled, that the citizen has no vested right in statutory privileges and exemptions when no element of contract or grant arises out of the statute. Such privileges and exemptions rest upon reasons of public policy, and may be recalled or changed by the legislative branch of the government. Among them are exemptions of property from being seized on attach-

·ment, or execution, or for the payment of taxes. (Cooley on Cons. Lim.—6th ed.—page 471; *Richardson* v. *Akin,* 87 Ill. 138; *Dobbins* v. *First Nat. Bk.* 112 id. 553; *Henson* v. *Moore,* 104 id. 403; *Weidenger* v. *Spruance,* 101 id. 278; 7 Am. & Eng. Enc. of Law, page 133; Stewart's Husb. & Wife, sec. 321). It has been held, that a homestead exemption is a matter of grace, a privilege and not a vested right, and that the legislature may remove or diminish the exemption. In *Bull* v. *Conroe,* 13 Wis. 233, it was said, that the privileges, extended to debtors by the existing homestead laws of the State, were not, as to particular property which might come within their protection, to be considered as vested rights, or as partaking so much of the character of such rights that the legislature could not, by future enactments, change or modify the laws so as to deprive debtors of a portion of the property held by them as exempt. In *Harris* v. *Glenn,* 56 Ga. 94, it was said: "Exemption of property from levy and sale for the payment of debts is but a privilege for the time being—mere grace and favor dependent on the will of the State. An exemption, which exists by statute, may be reduced or withdrawn by statute." The right to the homestead, as against the debt, must stand according to the law at the time the exemption is claimed. (*Henson* v. *Moore, supra; Sparger* v. *Compton,* 54 Ga. 355). So far as the facts of the present case ·are concerned, the Act of 1874 is not retrospective by an application of its provisions to any debt created or existing before its passage. It is prospective in that it is here made to apply only to a debt created by the wife, or for her benefit after its passage.

For the reasons here stated we think that the money or securities in the hands of the appellant were properly subjected to the payment of the judgment. The decree of the Circuit Court and the judgment of the Appellate Court are accordingly affirmed.

*Judgment affirmed.*