Walcott v. Hoffman.

## MARY A. WALCOTT
### v.
### THEODORE HOFFMAN.

*Husband and Wife—Family Expenses—Medical Attendance.*

Medical attendance upon the husband is a family expense within the meaning of Sec. 15, Chap. 68, R. S.

[Opinion filed January 16, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Messrs. E. H. & N. E. GARY, for appellant.

The only question in dispute is whether or not the medical services rendered by appellee come within Sec. 15, Chap. 68 of the statute relating to husband and wife, which reads as follows: " The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

The trial court held in the affirmative and rendered judgment for the plaintiff. This section of the statute has been under consideration by this court twice before. Von Platen v. Krueger, 11 Ill. App. 627; Hayden v. Rogers, 22 Ill. App. 557.

The opinion in the latter case has no bearing upon the question involved in this case. The former opinion, we think, is decisive and in direct opposition to the decision now complained of.

This statute was copied from the Iowa statute, and the same is also in force in Oregon. It has been before the Supreme Court of Iowa in the following cases: Rodemeyer v. Rodman, 5 Iowa, 426; Finn v. Rose, 18 Iowa, 566; Hawk v. Urban, 18 Iowa, 83; Laurence v. Sinnamon, 24 Iowa, 80; Smedley v. Felt, 41 Iowa, 588; County v. McDonald, 46 Iowa, 170; Jones v. Glass, 48 Iowa, 345; McCormick v. Murth, 49 Iowa, 536; Sherman v. King, 51 Iowa, 182; Russell v. Long, 52 Iowa, 250; Farrar v. Enery, 52 Iowa, 725; Fitzgerald v. McCarty, 25 Iowa, 702; Davis v. Ritchey, 55 Iowa, 719; Marquardt v. Maugher, 60 Iowa, 148; Frost v. Parker, 65 Iowa, 178; Waggoner v. Turner, 69 Iowa, 128.

The same statute has been before the Supreme Court of Oregon three times. Watkins v. Mason, 11 Oregon, 72 ; Smith v. Sherwin, 11, 269; Phipps v. Kelley, 12, 213.

Most of the Iowa cases were referred to by this court in the Von Platen case, and the rule for determining what are family expenses within the meaning of the statute laid down by the Iowa courts was then adopted. It is as follows: " Was the expenditure a family expenditure? Was it incurred for, on account of, and to be used in the family ? "

Walcott v. Hoffman.

A breaking-plow and reaper, to be used by the husband alone, although for the benefit of the family, was held not to be a family expense, while a cooking stove, piano and other articles to be used by the family were held to be family expenses. Money borrowed for the use of the family, attorneys' fees, expenses incurred in the treatment of an insane wife, were decided not to be family expenses.

The cases of Marquardt v. Maugher, and Waggoner v. Turner, *supra*, are later than the case of Von Platen v. Krueger, *supra*.

In the first mentioned case, all the articles purchased, except one ring, costing three dollars, were used by the family. It may fairly be presumed the ring was purchased by the wife, the appellant, and used by her. No question seems to have been made as to that. The decision in the case was based on the case of Smedley v. Felt, where the rule above quoted was established.

In the case in the 69th Iowa the claim was for medicine and medical services for the family. In the Oregon cases the articles furnished were for use by the family.

From all the decisions made upon the subject it seems the wife can not be made liable under this statute unless the claim is for expenditures incurred for, on account of, and to be used or kept for use in the family. It must be general and not individual; and it is not material that it directly or indirectly benefits the family; nor is it material whether it is a necessary or a luxury.

It therefore becomes important to inquire where the doctrine announced by the trial court in this case will lead. If the wife is liable for medical services rendered to the husband alone she is liable for legal services rendered. She would be liable, for his clothing, his bill at the barber shop, at the cigar store or at the saloon. She would be liable for his theater tickets, or, what is more expensive, if not extravagant in these days of exciting amusement, his tickets and expenses at the ball games; or his assessment at the clubs. In short, she would be liable for all his personal luxuries and extravagancies.

Mr. James Frake, for appellee.

This court in the case of Von'Platen v. Krueger, 11 Ill. App. 627, reviewed many of the Iowa cases, and adopted the construction placed upon the statute of which ours is a copy.

In the case of Finn v. Rose, 12 Iowa, 566, the action was for a cook stove used in the family. The court say a cook stove and fixtures, when purchased for that use and used in the house, as properly come within the meaning of the statute as clothing, food or medicine.

In Hawk v. Urban, 18 Iowa 83, the court say this action was brought  *  *  *  to recover judgment for provisions, clothing, etc., properly included in the term " expenses of the family."

In Fitzgerald v. McCarty, 55 Iowa, 706, the court, in reversing on account of faulty instruction, say : " Under the instruction given, it is sufficient if an article was purchased for, on account of, and with the intent to be used in the family, although never used therein, or by any member of the family."

In Davis v. Ritchey, 55 Iowa, 720, suit for money loaned to pay for medicine for deceased husband and provisions for family, the court say : " It may be, and in this case was, used to procure what, if obtained on credit, would have been a family expense."

In Waggoner v. Turner, 69 Iowa, 128, the court sustains a claim for medicine and medical services for the family. The case is silent as to whether the medicine and medical services were for more than one member of the family or not.

GARY, J. The only question in this case is whether medical attendance upon the husband is a family expense under Sec. 15, Chap. 68, R. S., 1874.

This court concurs with the Circuit, that it is. Marquardt v. Maugher, 60 Iowa, 148; Hudson v. King, 23 Ill. App. 118.
                                    *Judgment affirmed.*