## MARY J. ILLINGWORTH
### v.
### CATHARINE BURLEY.

*Landlord and Tenant—Recovery of Rent—Marrie̅ Woman—Family Expense—Sec. 15, Chap. 68, R. S.*

The rent of a house occupied as a residence is a family expense within the meaning of Sec. 15, Chap. 68, R. S.

[Opinion filed July 2, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. RUFUS KING, for appellant.

Messrs. CLIFFORD & SMITH, for appellee.

MORAN, J. This action was brought to recover from appellee the rent of a house in which she lived with her hus-

band.   The house was rented by the husband about the 1st
of August, 1885, and it was occupied by appellee with her
said husband till the date of his death, which occurred August
22, 1886.   Appellee continued to reside in the house for a
month after her husband's death, and for that month she paid
the rent, but refused to pay for the time during which her
husband was living.   The trial court held her not liable.   The
question is, whether rent of a house occupied by the family is
a family expense within the meaning of Sec. 15, Chap. 68,
R. S.

This section of our statute is taken from the code of Iowa,
and the construction given it by the courts of that State has
come to us within the statute.

Food, clothing, medicine, household and kitchen furniture,
a piano, an organ, a lady's watch and chain, all have been held
to be within the statute, when such articles were shown to be
provided for and actually used in the family.   This court has
held that a physician's bill for services rendered to the hus-
band in his illness, at his request, was a family expense, for
which his wife was liable.   Wolcott v. Hoffman, 30 Ill.
App. 77.   And the same was held by the Appellate Court
of the Third District in the case of Cole v. Bentley, 26 Ill.
App. 260.

It would seem that a house to live in is about as essential
to the existence and maintenance of the family as household
furniture or cooking utensils, and that rent for the use of such
a house might very fairly be regarded as an expense of the
family.   If any distinction exists between the fees of a physi-
cian to treat, the price of the medicine to administer to, and
the rent of a building to shelter the family, it has not been
pointed out, and we have failed to perceive it.

We think the rent sued for was an expense of the family,
and that appellee is liable therefor under the provisions of the
statute cited, and for the error in denying appellant judgment
for the amount of said rent the case must be reversed and
remanded for a new trial.

*Reversed and remanded.*