CARTER H. HARRISON
v.
EDWARD J. HILL AND ELIZABETH HILL.

*Landlord and Tenant—Recovery of Rent—Married Woman—Family Expense—Sec. 15, Chap. 68, R. S.—Statute of Iowa—Injunction.*

1.  Rent of a dwelling for a family is a family expense.
2.  When a statute is adopted from another State, it is a fair presumption that it is adopted with the construction which the courts of that State

Harrison v. Hill.

had put upon it before such adoption, but there is no such presumption as to later decisions.

3. Upon a bill filed praying for an injunction restraining the wife of a lessee of a dwelling from disposing of certain furniture claimed to be hers for a receiver, account and sale to satisfy a claim for rent, upon the ground that the same was a family expense, this court holds that the complainant could not properly go at once into equity to collect his debt before exhausting his remedy at law, and declines to interfere with a decree dismissing the same.

[Opinion filed June 2, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. WOOLFOLK & BROWNING, for appellant.

It is the rule well settled in Illinois, that where a statute is adopted from another State which has been construed by the courts of the latter, the act is adopted with the construction so given it. In the Appellate Court we have such decisions pertaining to the very section in question. Glaubensklee v. Low, 29 Ill. App. 408; Hudson v. King Bros., 23 Ill. App. 118; Cole v. Bentley, 26 Ill. App. 260.

The Supreme Court of Iowa has repeatedly held that equity has jurisdiction in the premises, and that a bill in chancery will lie to enforce directly the charge for family expenses upon the wife's property. Hawke & Bro. v. Urban, 18 Iowa, 83; Vandercook et al. v. Gere, 69 Iowa, 467; Frost et al. v. Parker, et al., 65 Iowa, 178.

In Hawke v. Urban, 18 Iowa, 83, where a bill in chancery was filed to foreclose a charge for family expenses upon the separate real estate of the wife, precisely as in the case at bar, the court say, reading on page 85:

" Without now saying that the wife or her property could not be held in any other action, we have no hesitation in saying that the action being brought to foreclose, a charge upon her property was properly brought in equity."

So in Lawrence v. Sinnamon, 24 Iowa, 80, the court holds that family expenses " are in the nature of equitable charges upon the property " of the husband or wife. That the hus-

band must use his discretion, as the head of the family, in making contracts for family expenses, but that such expenses are " chargeable upon the property of both." See Frost et al. v. Parker et al., 65 Iowa, 178.

Messrs. E. J. HILL & SON, for appellee.

It was held in Hayden v. Rogers, 22 Ill. App. 557, that the remedy, under this section 15, is at law, and a judgment at law in a personal action was sustained, though it was strenuously urged that the remedy should have been sought in equity.

If the remedy is at law, it is difficult to perceive why the rule, applicable to the husband in such a case, should not equally apply to the wife, namely, that equity can not take jurisdiction until the adequate legal remedy has been exhausted. Gore v. Kramer, 117 Ill. 176; Long v. Baker, 85 Ill. 431; Coughron v. Swift, 18 Ill. 414; Bigelow v. Andrews, 31 Ill. 322.

GARY, P. J. Sec. 15, Chap. 68, " Husband and Wife," is: " The expense of the family shall be chargeable upon the property of both husband and wife, or either of them, in favor of creditors thereof, and in relation thereto they may be sued jointly or separately."

The appellant filed his bill alleging that he demised a dwelling-house to the husband ; that $300 rent was due; that there was valuable furniture in the house which the appellee represented was hers; that unless prevented by injunction, they would dispose of it; that Hill had no property; that the rent was family expense, and a charge under the statute upon the furniture; that the rent could be satisfied by a sale of it, and praying for an injunction, receiver, account and sale.

That rent for a dwelling for the family is family expense, has already been decided by this court in Illingworth v. Burley, 33 Ill. App. 394.

As the statute was adopted from Iowa, the appellant relies upon Iowa decisions as authority. Where a statute is adopted from another State, it is a fair presumption that it is adopted

with the construction which the courts of that State had put upon it before such adoption. Gage v. Smith, 79 Ill. 219. But there is no such presumption as to later decisions. In Hawke v. Urban, 18 Iowa, 83, "an action in equity" was brought in Mills county to enforce the charge for family expenses upon the land of the wife in that county. The point of the decision is that the action being in the county where the land was, the venue could not be changed.

No question arose as to whether the action would lie, though it is true that the case assumes that it would. That case was before we adopted the statute; and that court has, since we adopted the statute, expressly decided that such an action would lie. Frost v. Parker, 65 Iowa, 178.

The reports of Iowa show that the system of legal proceedings there is quite unlike that of Illinois. And as is said in Little v. Smith 4, Scam. 400, "A construction which may be adapted to the general system of practice in Indiana (Iowa) may not be very well suited to the system in operation with us." Our system does not permit a creditor to go at once into equity to collect his debt, before exhausting his remedy at law. It is hardly supposable that by the use of the word "chargeable," the Legislature could have intended such a revolution as would open the doors of the court of chancery to such an extent that they might be the common resort in all cases where either husband or wife had any property, and the debt to be collected had been incurred for any of the numberless things which go into family expenses. The apparent absurdity of the consequences seem to forbid such a construction.

The Superior Court properly sustained the demurrer to the bill, and the decree dismissing it is affirmed.

*Decree affirmed.*