### DICKINSON COMPANY v. ELIAS FITTERLING.[1]

June 29, 1897.

Nos. 10,629—(211).

**Assignment of Lease—Burden of Proof.**

Where a third party is in possession of leased premises under the lessee, the law presumes that the lease has been assigned by the lessee to such third party, and, in a suit against him for rent, the burden is on him to explain the character of his possession; such burden is also on his assignee in insolvency. This rule is not changed by the fact that the lease contains a condition of forfeiture in case of such an assignment by the lessee.

Appeal by Elias Fitterling from a judgment of the district court for Hennepin county, Smith, J., disallowing his claim against the Dickinson Company, an insolvent. Reversed.

*B. W. Smith* and *C. H. Rossman*, for appellant.

*Marcus P. Hayne* and *Frank R. Hubachek*, for respondent.

CANTY, J.

The appellant, Fitterling, is, and during all the times herein mentioned was, the owner of a certain tract of land fronting on a business street in Minneapolis. In June, 1890, he as one party, the firm of Dickinson & Cunnington as another party, and one Dunham as another party, entered into an agreement whereby Fitterling agreed to lease said tract to the other two parties for the term of ten years from October 1, 1890, and whereby said last two parties agreed to erect a building on said land, and to pay said Fitterling $125 a month each, payable monthly, and to pay one-half each of all taxes, assessments, and water rents levied on the premises. It was fur-

1 Reported in 71 N. W. 1030.

ther agreed that the land and building should be mortgaged for the whole cost of the building, and that said last two parties should each pay 5 per cent. per year of the amount of said mortgage, and the interest on the unpaid portion of the same, during said ten years, and at the end of said ten years the building should revert with the land to Fitterling. This contract was by a further written instrument modified on October 24, 1890, and again on July 23, 1891, but these modifications are not here important.

The building was erected, a loan made for the amount of the cost of the building to defray such cost, and a mortgage executed by Fitterling to secure the amount of the loan. The notes were signed by all parties as provided in the agreement. As soon as the building was completed, and about October 1, 1890, Dickinson & Cunnington took possession of their part of the building, and carried on a mercantile business in the same until about February, 1892, when they organized a corporation known as the "Dickinson Company," which succeeded to the business, took possession of that part of the building, and continued to occupy the same until October 11, 1895, when, being insolvent, it made an assignment under the insolvency law for the benefit of its creditors.

From October 1, 1890, until the Dickinson Company took possession, the firm of Dickinson & Cunnington paid all sums falling due under said contract as so modified, including the $125 per month to Fitterling, the taxes and assessments, the instalments of the mortgage loan, and the interest on the balance of such loan remaining unpaid. The evidence tends to prove that after the Dickinson Company took possession it paid all of these charges until less than a year before it made the assignment. The amount of such charges for the time prior to the assignment which have not been paid is the sum of $5,672. Fitterling filed a claim for this amount with the assignee of the Dickinson Company, the claim was disallowed, and he appealed to the court. On a trial before the court without a jury, the claim was again disallowed, and from the judgment entered thereon he appeals to this court.

Fitterling claimed that Dickinson & Cunnington assigned the lease to the Dickinson Company at the time it took possession, and that, therefore, it is liable for rent for the time it was in possession.

The court below found that no such assignment had ever been made, and appellant challenges this finding as contrary to the evidence. There was no direct evidence on this point. Appellant proved the possession of the Dickinson Company; that it succeeded to the business of the firm; and that it paid the charges as aforesaid. Appellant then rested. Respondent offered no evidence whatever to explain the character of the possession of the Dickinson Company, except to recall Fitterling for further cross-examination, and attempted to prove by him that he had refused to consent to an assignment of the lease by Dickinson & Cunnington to the Dickinson Company. He stated that his own agent had asked him if he would so consent, but that, as he understood it, he "was to release Dickinson & Cunnington entirely, and take the corporation in their stead." This he refused to do.

When a third person is in possession of leased premises under the lessee, the law presumes that the lease has been assigned by the lessee to such person. 1 Washburn, Real Prop. (4th Ed.) p. 509, § 5, subsec. 3; Frank v. New York, 122 N. Y. 197, 25 N. E. 332; Ecker v. Chicago, 8 Mo. App. 223. See, also, G. S. 1894, § 5868, and Wittman v. Milwaukee, 51 Wis. 89, 8 N. W. 6, construing an identical statute.

We are of the opinion that, on the evidence, a presumption arose that the Dickinson Company was in possession under an assignment of the lease from Dickinson & Cunnington; that the burden was thrown upon the assignee to explain such possession; and, he having failed to maintain his burden, the court erred in finding in his favor. We are of the opinion that all of the fixed charges aforesaid to be paid by Dickinson & Cunnington are in fact rent for the use of the leased premises, and their assignee of the lease is liable for the same during the time he is in possession. The agreement aforesaid is not a formal lease, but an agreement for a lease. However, the parties by their conduct, and subsequent written modifications of the contract, seem to have adopted it as the permanent lease.

It is urged, as a reason why the court was warranted in finding as it did, that this agreement provided that the lessee should not assign the leased premises without the consent of Fitterling, and that a lease shall be executed "with the usual covenants of for-

feiture and re-entry by the landlord in case of a breach of any or all of the conditions contained in the lease." Respondent contends that, under these provisions, the lease would be forfeited by such an assignment, and that it cannot be presumed that the firm and the Dickinson Company did any act which would forfeit all their rights in the premises. In the case of Cross v. Upson, 17 Wis. 618, there was a similar condition forfeiting the lease, but the court held that the presumption was that the third party in possession was an assignee of the lessee. We see no reason why such would not be the presumption, even in a proceeding to enforce such a forfeiture. The fact that such an assignment will forfeit the lease is a strong motive for concealing the fact of assignment and the character of the possession of the assignee. Then the existence of such a condition of forfeiture in the lease is, if anything, an additional reason why such a third party in possession should be presumed to be an assignee of the lessee, and compelled to explain the character of his possession.

The judgment is reversed, and a new trial granted.