## HOUGHTELING v. WALKER et al.

### (Circuit Court, N. D. Illinois, N. D. January 24, 1900.)

### No. 25,133.

1. HUSBAND AND WIFE—LIABILITY FOR FAMILY EXPENSES—ILLINOIS STATUTE.
    Under Rev. St. Ill. c. 68, § 15, providing that the expenses of the family shall be chargeable upon the property of both husband and wife, or either of them, and that in relation thereto they may be sued jointly or separately, as construed by the courts of the state, a wife is jointly and severally liable for the rent of a house used as a family residence, although the lease therefor is executed by the husband alone.

2. SAME—FORM OF ACTION.
    An action in assumpsit, based upon such statute, will lie against the husband and wife jointly, and any evidence which would bind one for a family expense will bind the other, except that neither could, by a new promise, arrest the running of limitation as against the other, or remove the bar of the statute after it was complete.

3. INTEREST—JOINT ACTION FOR RENT.
    Interest is not recoverable in a joint action against the husband and wife for rent under the Illinois statute (Rev. St. c. 74, § 2) permitting the allowance of interest on money withheld by an unreasonable and vexatious delay of payment where no demand for payment was ever made on the wife until shortly before the bringing of suit, or notice given her that she was looked to for payment.

Harlan & Bates, for plaintiff.
Hutchison & Fairchild, for defendants.

KOHLSAAT, District Judge. The declaration originally filed in this suit contained several counts for rent of premises, use, and occupation and the common counts. By leave of court an additional count was filed prior to the trial, which additional count is upon section 15 of chapter 68 of the Revised Statutes of Illinois (husband and wife act). It appears from the evidence that for a number of years Mr. Walker, one of the defendants, rented the premises in question as a dwelling house from the husband of plaintiff herein. In May, 1895, Mr. Walker signed another lease for two years, said lease purporting to be made by the husband of plaintiff by James L. Houghteling, his agent. Plaintiff's husband subsequently died, and demand was then made on Mr. and Mrs. Walker for the past-due rent in the name of plaintiff, by James L. Houghteling, her agent; and it appears from the evidence that as a matter of fact plaintiff was the owner of the property prior to and since May 1, 1895, and that the title was not in her husband, although it is admitted by the parties that he was her agent. Several months' rent at the rate of $100 per month was paid by Mr. Walker subsequent to May 1, 1895, and then the payments ceased. The principal theory of defense is on behalf of Mrs. Walker, she claiming that the acceptance of the lease under seal, executed by Mr. Walker alone, and the receipt of rent thereunder by plaintiff, preclude a claim against her under the statute, and especially that it is improper to join her and her husband in a suit requiring a joint judgment, which judgment must be based upon a contract under seal with the hus-

band alone. To the additional count on the statute, pleas of general issue and nonjoint liability, sworn to, have been filed by each defendant. The statute in question reads as follows:

"The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or either of them, in favor of the creditors therefor, and in relation thereto they may be sued jointly or separately."

This section was adopted from the Iowa statute, and the Illinois supreme court adopts the interpretation placed upon it by the Iowa supreme court. No specific remedy is provided or pointed out. Myers v. Field, 146 Ill. 50, 34 N. E. 424. The act imposes upon the wife a personal liability for indebtedness incurred for the expenses of the family, and not merely a charge upon her property, to be enforced by proceedings in rem. Hayden v. Rogers, 22 Ill. App. 557. The liability of the wife for family expenses is not limited to necessary family expenses. The statute applies to the expenses of the family, without limitation or qualification as to kind or amount, and without reference to the wealth, habits, or social position of the party. Consent of wife to expenditures is not necessary to create liability. Hudson v. King, 23 Ill. App. 118. A diamond shirt stud, procured for the personal use of, and actually worn by, the husband, is a family expense, chargeable to both husband and wife. Neasham v. McNair, 103 Iowa, 695, 72 N. W. 773, 38 L. R. A. 847. The fact that the wife informed the seller that she would not be liable for a certain purchase (an organ in this case) does not relieve her of liability. Frost v. Parker, 65 Iowa, 178, 21 N. W. 507. A husband is liable for the family expenses incurred by the wife so long as he continues to live with the family, even though he objected to the extravagance, and offered to provide a suitable residence elsewhere. Lehman v. Rothbarth, 159 Ill. 270, 42 N. E. 777. Husband's and wife's joint and several liability for family expenses depends upon whether they live together, and constitute a family in fact. Schlesinger v. Keifer, 30 Ill. App. 253. In Illingworth v. Burley, 33 Ill. App. 394, the wife was sued, after the death of the husband, for house rent accruing under a lease with the husband prior to his death. Held a family expense. In Barnett v. Marks, 71 Ill. App. 673, both husband and wife were sued jointly upon a lease signed by the husband alone. Held, that a judgment against the wife alone was good, although she did not sign the lease, and although judgment was not, as a matter of fact, entered in said suit against the husband. From the foregoing authorities it is conclusive that under the Illinois decisions Mrs. Walker is jointly and severally liable for the rent of the house in question, even admitting her version of her conversation with Mr. James L. Houghteling, the agent of the property. There is no proof of any agreement to release her from her statutory liability. While it may be a fault that the statute in question does not limit the family expenses to those which are "necessary," yet, if it be a fault, its correction lies with the legislature, and not with the courts. The controversy then turns upon the form of action herein, and the right of plaintiff to recover under the pleadings and proof. In Frost v. Parker, 65 Iowa,

178, 21 N. W. 507, the wife was not made a party to the original judgment against the husband, but her property was held liable for the satisfaction of the judgment for family expenses in a proper proceeding to subject her property to such payment, and it was held that her liability remained so long as the judgment against the husband was not barred by the statute of limitations. In Harrison v. Hill, 37 Ill. App. 30, this doctrine was acquiesced in, with the exception that under the Illinois practice a proceeding in equity would not lie until the remedy at law had been exhausted. In Houck v. Smith, 46 Ill. App. 64, it was held that the wife would not be released from her liability by the acceptance by the creditor of the individual note of the husband. While no specific remedy for recovery under the said statute is provided, yet it will hardly be denied that it is essential to sue upon the statutory liability, and to show by the record and proof that this is the ground of the action; also that in a joint action recovery can be had upon no other ground. Schlesinger v. Keifer, 30 Ill. App. 253.

Upon the record thus presented it would be proper, under the statute, to enter a joint judgment against husband and wife, even though the expense were evidenced by the contract or lease under seal, signed by the husband alone. As the lease had expired, by its terms, prior to the commencement of this suit, if there was any sum due thereunder it would be proper to sue Mr. Walker in assumpsit on the common counts, and the lease could be introduced in evidence thereunder as evidence of the amount due. The distinction between sealed and unsealed instruments (except as to penal bonds) is abolished in this state, so far as the form of action is concerned. Section 19, Practice Act. It therefore follows that both Mr. and Mrs. Walker could be sued in assumpsit under the statute for family expenses, jointly, and evidence which would bind the husband for family expenses under the statute would bind the wife, although neither husband nor wife could, by a new promise, arrest the running of the statute of limitations as to the other, or remove the bar of the statute after it had run. Lewis v. Lynch, 61 Ill. App. 476. Admitting the validity of the lease, the plaintiff can recover thereon in her own name, in assumpsit, as the beneficiary thereunder, even though not named therein. Webster v. Fleming, 178 Ill. 140, 52 N. E. 975. But plaintiff, in argument, disclaims any right to rely upon the lease, and denies that it ever became binding upon either party, but simply introduces it in evidence as tending to show the fair and reasonable rental value of the premises as agreed upon by Mr. Walker. Without, therefore, determining whether or not said lease was valid and binding as having been adopted and ratified by plaintiff, and whether the rental value was not thereby fixed for the term covered by the lease, the admission of plaintiff's counsel will be acted upon by the court, and the fair rental value of the premises will be determined from all the evidence in the case. Under all the evidence I am of the opinion that the sum named in the lease should not control as to value. The testimony fairly establishes that the just and reasonable rental value of the premises was not to exceed $75 per month, and this sum will be allowed for

a period of 25 months. The rent for the twenty-sixth month (April, 1898) will not be allowed, for the reason that defendants removed from the premises before the expiration of that month, at the express request and direction of plaintiff's agent.

The only ground upon which plaintiff can recover interest would be under the last clause of section 2, c. 74, Rev. St. Ill., by which the court is justified in allowing legal interest upon money withheld by an unreasonable and vexatious delay of payment. There is no contractual agreement herein, either express or implied, for the payment of interest. The evidence shows that no demand was made upon Mrs. Walker for payment of the rent until shortly before this suit was brought, and it does not appear that prior to that time she had been informed that she would be looked to for payment; in addition to which, as will be seen from the amount which is found due by the court, demand for the amount actually due was never made upon either defendant. However, even if proper demand had been made upon Mr. Walker, upon the above state of facts unreasonable and vexatious delay in payment on the part of Mrs. Walker is not established, and, as no recovery of interest can be had against her, the form of this action will preclude any recovery against Mr. Walker in this suit. A finding and judgment against both defendants for the sum of $1,875 will be entered.