WALKER et al. v. HOUGHTELING.

(Circuit Court of Appeals, Seventh Circuit. April 9, 1901.)

No. 696.

1. HUSBAND AND WIFE—WRITTEN LEASE—USE AND OCCUPATION—FAMILY EXPENSES—RIGHT OF ACTION—MAINTENANCE.

Rev. St. Ill. c. 68, § 15, provides that the expenses of the family shall be chargeable on the property of both husband and wife, or either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately. A house was rented to defendant under a written lease signed by defendant, and the premises were occupied as

a dwelling by defendant and wife. *Held*, that the contention that an action could be maintained only on the lease, and against defendant alone, because the instrument was in writing and signed by defendant, and not as an action for use and occupation, under the statute, against defendant and wife, cannot be sustained, since the statutory action was not merely remedial, but created a liability against the husband and wife, independent of any relation of landlord and tenant.

**2. SAME—EVIDENCE—ADMISSIBILITY.**

The written lease of the premises was admissible, in an action under the statute against the husband and wife for use and occupation of the premises, to show the value of the use and occupation.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

See 100 Fed. 253, 104 Fed. 513.

The suit in the Circuit Court was by defendant in error against plaintiffs in error to recover for the use and occupation of a certain dwelling house in the City of Chicago, from the first of March 1896, to the thirtieth of April 1898.

The count was framed upon section 15, c. 68, of the Illinois Revised Statutes relating to liability for family expenses.

The defense was the general issue, and a jury having been waived, the case was tried to the court, resulting in a finding and judgment for the defendant in error for the sum of one thousand eight hundred and seventy-five dollars, being at the rate of seventy-five dollars per month for the period named.

It was admitted on the trial that during the period named in the declaration the defendant in error was the owner of the premises, and that the house was occupied as a dwelling by the plaintiffs in error—husband and wife.

As tending to show the value of the use and occupation, the defendant in error submitted evidence tending to show that on May first, 1895, a lease was executed by W. D. Houghteling, husband of the defendant in error, now deceased, to plaintiff in error, James H. Walker, to run for a period of two years, at a rental of one hundred dollars per month. It was admitted that no rentals were paid after March first 1896.

At the conclusion of the evidence plaintiff in error, Emeline Tate Walker, moved to strike out all the evidence in regard to the lease, on the ground that it was incompetent, immaterial and irrelevant, which motion was denied by the court, and exceptions duly noted.

Thereupon the plaintiffs in error submitted to the court the following propositions of law, and asked that they be adopted by the court:

1. "Admitting the validity of the lease of the premises No. 345 Dearborn Ave., covering a part of the period for which it is sought to recover rent for said premises, the court holds that the plaintiff cannot recover thereon in her own name in assumpsit as a beneficiary thereunder if not named therein."

2. "It would not be proper under the Revised Statutes of Illinois (chapter 68, § 15) to enter a joint judgment against Husband and Wife where the expense which it is sought to recover was evidenced by a contract or lease signed by the Husband alone."

3. "Admitting the validity of the lease of the premises No. 345 Dearborn Avenue, Chicago, signed by the defendant, James H. Walker, covering a part of the period for which it is sought to recover rent the plaintiff may not disregard such lease and recover against the defendants jointly in the action for use and occupation."

The record shows that these propositions were marked "refused by the court"; to which ruling there was objection and exception.

The assignment of errors is, in substance: First, that the admission of evidence respecting the lease was incompetent; and secondly, that the instructions offered were erroneously refused.

O. K. Hutchinson, for plaintiff in error.

John M. Harlan, for defendant in error.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

After the foregoing statement of the case, GROSSCUP, Circuit Judge, delivered the opinion of the court, as follows:

Section 15, c. 68, Rev. St. Ill., is as follows:

"The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

The section was adopted from a similar statute of the State of Iowa (section 2214, McClain's Code, 1882), and has been interpreted by the Supreme Court of Illinois—following, in that respect, the Supreme Court of Iowa—as creating a primary right against husband and wife, or both, for family expenses incurred by either. Myers v. Field, 146 Ill. 50, 34 N. E. 424.

It has been held, also,—in the Appellate Court of Illinois—that the use and occupation of a house for a family dwelling is a legitimate family expense, and falls within the meaning of that term, as it is employed in the statute. Illingworth v. Burley, 33 Ill. App. 394; Barnett v. Marks, 71 Ill. App. 673; and in this construction of the statute we concur.

The argument of the plaintiffs in error, in substance, is that, because there was a written lease, executed by the husband alone, covering the period for which the suit was brought, and because an action for use and occupation, at common law, will not lie where there is such a lease, it follows that an action for use and occupation, under the family expense statute, in cases where a lease is found to be in existence, will not lie. The insistence is that the suit ought to have been brought by the lessor (the husband of the defendant in error) against plaintiff in error, James H. Walker, the lessee; and only upon the lease.

The fault of this argument is in the assumption that a suit for use and occupation, under the family expense statute, is identical with a suit for use and occupation, at common law; and that both are, on that account, subject to the same conditions. But this is not true. The right of action, at common law, did not create a liability. It proceeded upon the pre-existing relation of landlord and tenant, and in the absence of such relation, was not maintainable. It was intended, as modified, from time to time, by statute, to provide an easy remedy in cases where, without a written lease, there was an actual occupation; leaving other more complicated cases— such as arise at times upon leases—to their appropriate and ordinary remedy.

The family expense statute under consideration, on the contrary, is not simply remedial. It creates a right in favor of the creditor, and a liability against the husband and wife. It introduces into the law a new character of obligation. It is, in no sense, an additional method of enforcing the relation of landlord and tenant, which was the sole purpose of the common law action for use and occupation.

The existence of the lease, in an action like this, is, of course, a material fact. It tends to show the value of the use and occupation. It may, by virtue of its force as a contract, set a limitation

upon the amount that can be recovered. But it is not the basis of the suit. The suit is founded upon the provision of the statute that the wife, as well as the husband, shall be liable for family expenses; and upon the fact that the use of a dwelling house is, within the meaning of this statute, a family expense. The circumstance that the subject-matter is the use and occupation of real estate is an incident only; the determinative fact is that, like flour and groceries, this use was for family purposes. With this clearly in mind, the errors assigned are seen to be based upon an erroneous conception of the nature of the suit.

The judgment of the Circuit Court is, accordingly, affirmed