JOSEPH R. WEIDE and Another v. ST. PAUL BOOM COMPANY.[1]

April 29, 1904.

Nos. 13,860—(112).

**Action for Rent.**

Where a third party is in possession of leased premises under the lessee, the law presumes that he has taken an assignment of the lease, and assumed the obligations thereunder; and, in an action against him for rent, the burden is upon him to prove the contrary.

**Possession of Leased Property.**

Where such party went into possession of leased premises, and held himself out to the lessor as having acquired such possession from the lessee, he cannot take advantage of the discrepancy between the complaint and the proof; it appearing from the evidence that such possession was transferred through an intermediary. The evidence supports the findings of fact.

[1] Reported in 99 N. W. 421.

Action in the district court for Ramsey county to recover from defendant $300, and interest, for rent accrued upon a written lease under which, it was alleged, defendant was occupying the premises as subtenant. The case was tried before Jaggard, J., who found in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Humphrey Barton,* for appellant.

*Walter L. Chapin,* for respondents.

LEWIS, J.

July 22, 1901, Joseph R. Weide and Minnie A. Weide entered into a written agreement with William M. Davis, by which Davis agreed to pay, through Weide's attorney, $300 for the use of the river front of lots 1 to 6, block 8, and lots 5, 6, and 11, block 11, and block 13, Kinney, Bond & Trader's Addition to St. Paul, for logging and rafting purposes for the season of 1901. The agreement contained this statement:

> The intention of this contract is to give to said party of the second part all the river rights of first parties in front of their property in Kinney, Bond and Trader's addition to St. Paul, for the season of 1901.

Davis paid the money, went into possession, and occupied the premises during the season of 1901, and on May 24, 1902, paid $300 for the use of the premises for another season; and the following instrument was executed and delivered to him by the attorney for the Weides:

> Received of Wm. M. Davis three hundred dollars rent for water front and right to exclusive use of the Mississippi river fronting all the land of Joseph R. Weide, Jr., and Minnie A. Weide, (now Minnie A. ——), southwesterly of the High Bridge, in St. Paul, Minnesota, being in Kinney, Bond and Trader's Addition to St. Paul, for the term of one year from May 1, 1902, for rafting purposes. The privilege is given to said Davis, as part consideration hereof to exercise the option to continue this lease for two years from May 1, 1903, at three hundred dollars per year, if said Davis will notify said Weide, or Walter L. Chapin, his attorney, before June 1, 1903, of his

acceptance of the additional two years' lease and on his paying, on or before said date, the sum of $300 for the year 1903. The rent for 1904 to be due and payable May 1, 1904.

This writing was signed by Mr. Chapin, the Weides' attorney and agent.

Davis continued his rafting operations, and the use of the booms and other appliances in front of the premises, until the fall of 1902, when he sold and transferred the possession of his improvements and premises to the Burlington Lumber Company, a corporation. In January, 1903, the Burlington Lumber Company transferred to the St. Paul Boom Company, appellant, all its right, title, and interest in and to the booms, boat, piling, and appliances connected with the structures erected in the river in front of the land, and on the land, with possession thereof, and all its right to make use of the river in front of the land for the purpose of rafting and logging. Thereafter, in April and May, 1903, appellant took possession, repaired the boom and piling, and remained in possession from that time until August 7, 1903. The Weides had no notice or knowledge of such transfer and change of possession until May, 1903, and they then demanded from appellant $300, the amount of the rental for the year beginning May 1, 1903; and, the same having been refused, this action was brought to recover the amount.

If appellant is liable at all for the rental, it is upon the theory that it went into possession of the premises under the lessee, Davis, and assumed his obligations. If this be the case, then appellant is not in a position to attack the validity of the lessor's title. Dickinson Co. v. Fitterling, 69 Minn. 162, 71 N. W. 1030. For this reason, it will not be necessary to consider whether the instruments are indefinite as to ownership or description of the premises.

The evidence shows that appellant went into possession of the premises formerly occupied by Davis, that it carried on the same business which had been conducted by him under the lease for the two previous seasons, and that it had knowledge of the fact that Davis' right to the possession rested upon an agreement with respondents, and that Davis paid a consideration therefor. There is evidence to the effect that appellant assumed the obligation of Davis to pay rent for the year 1903, and that it entered into negotiations with respondents towards

the settlement thereof.   There is no substantial ground for the claim that appellant was occupying premises entirely independent of and different from those occupied by Davis, and that the occupancy was entirely of a navigable portion of the river, and in no way connected with the shore line of respondents' land, and was not in interference with their riparian rights.   The evidence is sufficient to sustain the findings of the court.

It was alleged in the complaint that Davis transferred his rights and possession directly to appellant, whereas the evidence produced at the trial disclosed the fact that the transfer was first made by Davis to the Burlington Lumber Company, and later by that company to appellant. Appellant is not in a position to take advantage of these apparent dis-- crepancies between the pleadings and the proof, for it appears that appellant, through its agents, after assuming possession, conducted negotiations with respondents without disclosing the fact that it had not acquired its possession and right of property directly from Davis.   In the correspondence and conversations, the Burlington Lumber Company was not mentioned, and respondents were not notified that it had ever had any interest in the property, and appellant assumed to have acquired its rights immediately from Davis.   It is not important that appellant did not take actual possession until some months after it acquired title and right of possession from the Burlington Lumber Company.

We find no error in the admission of the various exhibits consisting of agreements and letters, nor in the admission of the testimony of the attorney in relation thereto, nor in any of the other rulings of the court.

Order affirmed.