## JOHN LEUTHOLD v. CHARLES A. STICKNEY.[1]

December 22, 1911.

Nos. 17,413—(135).

**Action for rent — violation of law by landlord.**

> The owner of a building, who, during the term of a lease thereof, unlawfully fails to equip such building with fire escapes, cannot maintain an action upon such lease for rent.

Action in the district court for Ramsey county to recover $390 upon a lease of a certain tenement building.   The defense interposed was that plaintiff, as proprietor of the building, wholly failed to supply it with facilities for prevention or extinguishment of fires or means of escape for the inmates; that the building was not equipped with chemical fire extinguisher or with standpipe and hose connection in the hallways, or with any exterior standpipes with hose connections, or with any outside metallic or noncombustible ladder; that the building was not fire-proof, and by reason of the failure so to equip it with facilities for the extinguishment of fires, or for the escape of its inmates in the event of fire, it was rendered dangerous to the lives of defendant and his family; that, upon plaintiff's failure to provide the facilities and appliances required by law for the extinguishment of fires, defendant removed from the premises and paid the full amount of rent agreed upon during the time of his

1 Reported in 133 N. W. 856.

occupancy. The reply denied the area of the building as alleged in the answer, and alleged that the area of each floor was much less than mentioned therein; alleged that at the time defendant entered into the lease he knew the conditions of the premises and the facilities for extinguishment of fire, and for the escape of inmates in case of fire; denied that he vacated the premises because of the reasons specified, and alleged that he vacated them for entirely different reasons.

The case was tried before Dickson, J., who made findings and as conclusion of law ordered judgment in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Edgerton & Edgerton,* for appellant.
*Briggs, Thygeson & Everall,* for respondent.

SIMPSON, J.

This is an action brought by the plaintiff to recover rent claimed to be due from the defendant. The plaintiff leased to the defendant, by written lease, a seven-room flat on the fourth floor of an apartment building in the city of St. Paul for one year from September 1, 1909. The building is four stories in height above the basement, and covers an area of about seventy-five hundred square feet. There are four flats on each floor, making sixteen flats in all. Each flat accommodated four or more people, and was usually occupied by from two to four people. During the term covered by the lease to defendant there was not, either within or without said building, or in any way connected therewith, any noncombustible ladder or stairway or standpipe. Plaintiff, with his family of seven, occupied the leased premises until the latter part of February, 1910, when he moved and permanently vacated them. He paid the stipulated rent for the full time of his occupancy. This action is brought to recover rent for the remainder of the term. About a month before the defendant vacated the premises he asked the plaintiff to put fire escapes on the building, and when he moved out he assigned the absence of fire escapes as his reason for so doing.

The case was tried by the court without a jury. The court found

to be true the facts already stated, and, in addition, that the apartment building was within class III as defined by section 2365, c. 36, R. L. 1905, relating to protection against fire, and that the plaintiff had failed to maintain the tenement building in the condition as to fire escapes required by the statute, and found, as a conclusion of law, that the defendant was entitled to judgment in his favor in said action. The plaintiff appeals from an order of the court denying his motion for a new trial.

1. The plaintiff questions the sufficiency of the evidence to sustain the finding of the trial court that the apartment building here involved is within class III of the statute relating to fire protection.

Section 2365, R. L. 1905, defines buildings of class III as follows: "Tenements, flat buildings, and boarding houses, more than two stories high, accommodating more than twenty persons, whether in one family or more." Other related sections are as follows:

"2368. For each five thousand feet of area, or fraction thereof, covered by a building in class three there shall be provided one outside standpipe, as described in section 2367, and one noncombustible ladder or stairway for each twenty persons, or fraction thereof, that such building accommodates above the first story."

"2372. The proprietor and lessee of every building in any of the classes hereinbefore mentioned shall equip the same in the manner prescribed, and every failure to do so shall constitute a misdemeanor."

Penalties are prescribed for the commission of misdemeanors under the statute.

While the evidence does not show the exact number of persons occupying the apartment building here involved at any given time, it does appear that it was built to accommodate more than sixty-four persons, that during the term of the defendant's lease it was continually occupied for residence purposes, and that the number of persons usually residing therein was a much greater number than the minimum fixed by the statute. The building was divided by a fire wall into two parts, with eight flats in each part. It is suggested that this division made two tenements of the building, within the meaning of the statute relating to fire protection. But, so considered, each part accommodated more than twenty persons and was within class III

of the statute. It fairly appears from the evidence that more than twenty persons actually resided in the part of the building in which the flat leased to the defendant was located during the time of defendant's occupancy.

2. A more important point urged by the plaintiff is that the conclusion reached by the trial court is not sustained by the findings of fact; plaintiff's claim being that, notwithstanding the statute, the lease between the plaintiff and the defendant was valid, and the plaintiff was entitled to judgment for the agreed rent thereunder. Such claim cannot be sustained.

At the time of the making of the lease, and during the entire term covered thereby, the leased premises were not in the condition prescribed by the law of this state relating to fire protection. The plaintiff, by his failure to equip the building in the prescribed manner, committed a misdemeanor. This violation of the law was a continuing one during the entire term of the lease, and affected directly and materially the premises leased. The absence of a fire escape, in the view of the law, made the leased premises dangerous and their occupancy opposed to the public policy expressed in the law. The permitted occupancy of the premises is the sole consideration for the promise to pay rent here sought to be enforced. Plaintiff's claim for rent cannot be separated from his unlawful act in failing to provide the premises with the prescribed fire escape.

The instant case clearly falls with the rule established in this state in the case of Ingersoll v. Randall, 14 Minn. 304 (400). In that action, brought to recover for plaintiff's services in threshing for the defendant, the defense was interposed that on the machine used by the plaintiff the knuckles and rods were not covered as required by law. The court, in holding that the plaintiff could not recover, stated: "The statute before cited not only makes it a duty to cover the knuckles and rods, but it makes neglect or refusal so to do a misdemeanor to which a penalty is affixed. The plaintiff, then, in operating his threshing machine in threshing for the defendant without covering the knuckles and rods, was doing that which is prohibited by law. The threshing, which was the consideration of the defendant's promise, was unlawful, and therefore will not support the promise.

Bensley v. Bignold, 5 Barn. & Adol. 335; Cunard v. Hyde, 105 E. C. L. 1; Chit. Cont. 658, and note "h"; Armstrong v. Toler, 11 Wheat. 272 [6 L. ed. 468] and cases supra; Emery v. Kempton, 2 Gray, 257." The rule so laid down has never been departed from in this state, and has been applied in numerous cases: Bisbee v. McAllen, 39 Minn. 143, 39 N. W. 299; Handy v. St. Paul Globe Pub. Co. 41 Minn. 188, 42 N. W. 872, 4 L.R.A. 466, 16 Am. St. 695; Stolz v. Thompson, 44 Minn. 271, 46 N. W. 410; G. Heileman Brewing Co. v. Peimeisl, 85 Minn. 121, 88 N. W. 441; Thomas Mnfg. Co. v. Knapp, 101 Minn. 432, 112 N. W. 989.

It is urged by counsel for the plaintiff that chapter 301 of the Laws of 1903 provided, as an additional penalty for failure on the part of the owner of a hotel to equip it with required fire escapes, that no action should be maintained for board, lodging, or accommodations therein, and that by the omission of such provision in reference to tenements the legislative intent is shown not to make a failure to comply with the statute a defense to an action for rent of flats in tenement buildings. Chapter 301 of the Laws of 1903 was amended by chapter 343 of the General Laws of 1905, and the special provision referred to concerning hotels was omitted from the amending act. Therefore the basis for the construction contended for by plaintiff's counsel no longer exists.

The unlawful act of the plaintiff in failing to equip the leased premises with a fire escape taints the entire consideration of the promise he here seeks to enforce. To permit a recovery upon such promise would tend to defeat the purpose of the statute. The statute is designed to protect persons permanently or temporarily in buildings of the enumerated classes to some extent from the dangers incident to conflagrations. The defendant cannot be required by the plaintiff to occupy or pay rent for premises maintained in a dangerous condition through the plaintiff's continuing unlawful act.

Affirmed.