## GEORGE J. LEWIS v. FREIDA FRANCE.[1]

June 29, 1917.

Nos. 20,383—(180).

**Wife not liable for rent of family home — statute construed.**

> Under G. S. 1913, § 7146, making the husband and wife "jointly and severally liable for all necessary household articles and supplies furnished to and used by the family," the wife is not liable for the rent of the family home leased to her husband.

Action in the district court for Lincoln county to recover $142.60 for rent. The case was tried before Olsen, J., who granted defendant's motion for judgment upon the pleadings. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Louis P. Johnson* and *Todd, Fosnes, Sterling & Nelson,* for appellant. *J. N. Johnson,* for respondent.

[1]Reported in 163 N. W. 656.

DIBELL, C.

Action to recover for the rent of a house. There was judgment for the defendant and the plaintiff appeals.

The house was rented by the plaintiff to the husband of the defendant and was occupied as the family home. The defendant was not a party to the renting and is not liable on a contract of her making. If liable at all she is liable because of G. S. 1913, § 7146, which provides:

"No married woman shall be liable for any debts of her husband, nor shall any married man be liable for any torts, debts, or contracts of his wife, committed or entered into either before or during coverture, except for necessaries furnished to the wife after marriage, where he would be liable at common law. But where husband and wife are living together, they shall be jointly and severally liable for all necessary household articles and supplies furnished to and used by the family."

The specific inquiry is whether the legislature in using the words "necessary household articles and supplies furnished to and used by the family" meant to impose upon the wife liability for the rent of a house leased to her husband and occupied by them as their home.

In Illinois, under a statute making the wife liable for "the expenses of the family and of the education of the children," it is held that the wife is liable for the rent of the family home leased to her husband. Illingworth v. Burley, 33 Ill. App. 394; Harrison v. Hill, 37 Ill. App. 30; Houghteling v. Walker (C. C.) 100 Fed. 253; Walker v. Houghteling (C. C. A.) 107 Fed. 619, 46 C. C. A. 512. The same result is reached in Colorado under a statute using the same language. Straight v. McKay, 15 Colo. App. 60, 60 Pac. 1106. In Iowa, under a like statute, the question was suggested but left undecided. Schurz v. McMenamy, 82 Iowa, 432, 48 N. W. 806. Under a statute of Missouri making the wife's separate property liable "for any debt or liability of her husband created for necessaries for the wife or family," it was held that the wife was liable for the rent of the home. Dougherty v. McClelland, 192 Mo. App. 498, 182 S. W. 766, 767. No cases involving claims for rent from jurisdictions other than these are cited. Illustrations of the wife's statutory liability in various situations are easily accessible but do not call for discussion here. See 21 Cyc. 1231; 13 R. C. L. §§ 225-228; 26 Cent. Dig. Husband & Wife, § 130; 10 Dec.

Dig. Id. § 151; note 33 L.R.A.(N.S.) 426; note 21 L.R.A.(N.S.) 277; note 15 L.R.A. 717.

There is a clear distinction between the words "necessary household articles and supplies furnished to and used by the family" and the words "expenses of the family." The latter are of more extensive application. The resemblance between our statute and that of Missouri is very considerable and we do not fail to observe it. It is our judgment that the legislature in providing that the wife should be liable for "necessary household articles and supplies furnished to and used by the family" did not intend to make her liable for the rent of the home leased to her husband. If it had intended such result it would have used words of more extensive meaning. The defendant is not liable and the judgment is right.

Judgment affirmed.