SMITH, State Public Examiner of Banks, et al. v. CONTINENTAL STATE BANK OF MINNEAPOLIS, MINN.

(District Court, D. Minnesota. Fourth Division. August 11, 1925.)

No. 1363.

**1. Banks and banking ⊕⇒74.**

"Deposits," as used in Laws S. D. 1919, c. 125, prohibiting giving of preference to depositors, include time and demand certificates of deposit.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Deposit (Noun).]

**2. Banks and banking ⊕⇒74—Giving depositor notes as collateral security for time deposits as consideration for renewal held unlawful preference, permitting recovery of notes by superintendent of banks (Laws S. D. 1919, c. 125).**

Under Laws S. D. 1919, c. 125, delivery to depositor of notes as collateral security, in consideration of agreement to renew time certificates, was unlawful, as giving preference to depositor, and agreement was void, and notes recoverable by superintendent of banks, in charge of affairs of such insolvent bank.

**3. Contracts ⊕⇒103.**

Business transaction in violation of law cannot be made the foundation of a valid contract.

At Law. Action by F. R. Smith, substituted for John Hirning, as Public Examiner, and ex officio Superintendent of Banks, of the State of South Dakota, and another, against the Continental State Bank of Minneapolis, Minnesota. Decree for plaintiffs.

Smith & Rietz, of Minneapolis, Minn., for plaintiffs.

J. J. Truax, J. C. Lauber, and Woodlief Thomas, all of Minneapolis, Minn., for defendant.

JOHN B. SANBORN, District Judge. On June 14, 1923, the defendant bank was the owner of six certificates of deposit of the plaintiff bank. Four were past due, and two were not yet due. On that day Mr. C. F. Doyle, vice president of the defendant bank, went to Unityville, S. D., presented these certificates to the plaintiff bank, and demanded payment thereof. Mr. Appel, the cashier of that bank, told Mr. Doyle that he could not pay these certificates, that the

reserve of the bank was impaired, and asked to renew them. Mr. Doyle agreed to extend payment if collateral was given. The promissory notes described in the complaint were delivered to him by Mr. Appel, on the understanding that he was to keep as security such as he desired and to return the rest. Subsequently, renewal certificates, being numbered 3021, 3144, 3145, 3175, and 3176, were sent to the defendant bank.

[1] On or about October 27, 1923, the plaintiff bank was taken over by the superintendent of banks of South Dakota. It was then, and at the time Mr. Doyle presented the certificates, insolvent and unable to meet its obligations as they matured. Demand was duly made upon the defendant bank for the return of the collateral, and refused. Chapter 125, Laws 1919 of South Dakota, prohibits a bank from giving preference to any depositor by pledging the assets of the bank as collateral security. Deposits, as defined by the laws of South Dakota, include time and demand certificates of deposit. The defendant bank was therefore a depositor at the time the certificates were presented for payment, and there is no evidence which would justify a finding that it ever became anything else. No other evidence of the obligation of the plaintiff bank was ever asked for or received by it.

[2] Under the laws of South Dakota it was unlawful for the plaintiff bank to deliver these notes to Mr. Doyle for the purpose of securing the certificates of deposit of his bank, and the arrangement between it and that bank was therefore void. Mr. Appel was attempting to do a thing which the law prevented, and which both he and Mr. Doyle were presumed to know could not be done.

[3] The situation was simply this: The defendant bank remained a depositor, but had in its possession the securities in question belonging to the plaintiff bank, which it had no right to, and was bound to return upon demand. "Business transactions, in violation of law, cannot be made the foundation of a valid contract." Buckley v. Humason, 52 N. W. 385, 50 Minn. 195, 16 L. R. A. 423, 36 Am. St. Rep. 637; Leuthold v. Stickney, 133 N. W. 856, 116 Minn. 299, 39 L. R. A. (N. S.) 231, Ann. Cas. 1913B, 405; 13 C. J. 420.

It cannot be said that the two banks are in pari delicto, and that the law will leave them where they are. The act of turning over these securities was the act of Appel. If he alone were interested, that rule might apply. The law in question is for the protection of depositors. Its purpose is to see

that they are treated alike. To hold that a preference could not be recovered would be to defeat its purpose, and to enable one depositor who secured a preference in this way to retain it.

I can discover no legal obstacle to the recovery of these assets of the plaintiff bank by the superintendent of banks, who now has it in charge.