## MINNESOTA LOAN & TRUST COMPANY v. MEDICAL ARTS BUILDING COMPANY.[1]

No. 29,897.

June 1, 1934.

[1]Reported in 255 N. W. 85.

 7

 

*Guesmer, Carson & MacGregor,* for appellant.
*Kingman, Cross, Morley & Cant,* for respondent.

*LORING, Justice.*

This is an appeal from a judgment in favor of the plaintiff upon the pleadings. The complaint alleges and it is admitted in the answer that the plaintiff is a testamentary trustee under the will of Stephen G. Harris, who was the owner of certain lots on Marquette avenue in Minneapolis. May 5, 1925, it leased these premises for 99 years to the Capitol Realty Company, an Iowa corporation, which covenanted to pay $10,000 per year, in quarterly instalments, until July 31, 1936, when other rates were to go into effect. The Capitol Realty Company took immediate possession, but on March 1, 1928, contracted with one Mansfield to assign the lease to him. Mansfield was to pay the realty company $30,000 and assumed and agreed to perform all of the terms of the lease from plaintiff to that company. October 8, 1928, Mansfield and his wife assigned all their rights under the contract to the defendant, Medical Arts Building Company, a Delaware corporation, which agreed to make all payments which Mansfield had promised to the Capitol Realty Company and assumed and agreed to perform all of Mansfield's obligations under his contract with Capitol Realty Company. The defendant took immediate possession and still holds the property. It has erected a boiler house thereon, which, together with its equipment, cost about $100,000. Mansfield's contract with the Capitol Realty Company provided for a payment of $30,000 by him to that company, upon the payment of which it was to execute and deliver an instrument sufficient to convey the lease and the leasehold interest thereunder. Of this $30,000, $22,000 has been paid, and $49,166 has been paid to the plaintiff in rent, as well as $21,533 to Hennepin county as taxes. June 17, 1929, the Capitol Realty Company was dissolved without having assigned its rights under the lease to Mansfield and without having executed to anyone a conveyance of its title except as it had agreed to convey the same to Mansfield. It is

alleged in the answer that three corporations make some claim against the leasehold estate, but none of them is in a position to convey a good title. This suit is brought to recover two instalments of rent due, respectively, February 1, 1933, and May 1, 1933, with interest at six per cent since the due dates thereof.

The trial court granted judgment for the plaintiff upon the pleadings, relying principally upon 2 Mason Minn. St. 1927, § 8189, which provides:

"Every person in possession of land out of which any rent is due, whether it was originally demised in fee, or for any other estate of freehold, or for any term of years, shall be liable for the amount or proportion of rent due from the land in his possession, although it be only a part of the land originally demised. Such rent may be recovered in a civil action, and the deed, demise, or other instrument showing the provisions of the lease may be used in evidence by either party to prove the amount due from the defendant. Nothing herein contained shall deprive landlords of any other legal remedy for the recovery of rent, whether secured to them by their leases, or provided by law."

The defendant takes the position that since the Capitol Realty Company has gone out of existence and disabled itself from performing its contract with Mansfield the defendant has a good defense to any action that the Capitol Realty Company might bring against him, and further that the plaintiff as a third party beneficiary to the contracts between the Capitol Realty Company and Mansfield and between Mansfield and this defendant has no greater rights against the defendant than the Capitol Realty Company had; that any defense that would be good against that company is good against this plaintiff and that this defendant is only the assignee of a vendee in an executory contract to assign and convey the leasehold, and that the contracts between defendant and Mansfield and between Mansfield and the realty company do not make the defendant liable for rent on account of its mere possession of the premises. It takes the position that § 8189 is merely declaratory of the common law and does not give this plaintiff a right of action against the defendant. It is conceded that the common law raises

a rebuttable presumption that one in possession of premises is there as assignee of the lessee. Defendant relies principally upon Dickinson & Co. v. Fitterling, 69 Minn. 162, 71 N. W. 1030; Weide v. St. Paul Boom Co. 92 Minn. 76, 99 N. W. 421; and Lewis v. France, 137 Minn. 333, 163 N. W. 656, L. R. A. 1917F, 860. It also cites Leuthold v. Stickney, 116 Minn. 299, 133 N. W. 856, 39 L.R.A. (N.S.) 231, Ann. Cas. 1913B, 405, and Cargill v. Thompson, 57 Minn. 534, 59 N. W. 638.

Dickinson & Co. v. Fitterling, 69 Minn. 162, 71 N. W. 1030, was decided on the common law presumption; and, while the statute was cited as additional authority for the holding, it was not construed and certainly it was not held to be merely declaratory of the common law. In Weide v. St. Paul Boom Co. 92 Minn. 76, 99 N. W. 421, the statute was not cited or construed, and the case was decided upon the common law presumption. Again, in Lewis v. France, 137 Minn. 333, 163 N. W. 656, L. R. A. 1917F, 860, the only statute under consideration was that making the husband and wife jointly and severally liable for all necessary household articles and supplies furnished to and used by the family. The statute here under consideration was apparently not invoked. In Leuthold v. Stickney, 116 Minn. 299, 133 N. W. 856, 39 L.R.A. (N.S.) 231, Ann. Cas. 1913B, 405, it was held that the failure of the landlord to comply with the statute requiring fire escapes was a good defense in an action for rent. The statute here involved was apparently not called to the attention of the court, and there is nothing in the decision of that case which is inconsistent with the construction of § 8189 contended for by the plaintiff here. In Cargill v. Thompson, 57 Minn. 534, 59 N. W. 638, the person in possession stood in the shoes of the lessor and not the lessee, and it was not a suit for rent. However, the Capitol Realty Company merely held the legal title to the leasehold as security for the performance by Mansfield of the terms of his agreement, and he was the equitable owner or tenant of the leasehold. Equitably he was an assignee.

Affirmed.

*DEVANEY, Chief Justice,* took no part.

ON APPLICATION FOR REARGUMENT.

On June 29, 1934, the following opinion was filed:

*LORING, Justice.*

Since the filing of the original opinion the history of 2 Mason Minn. St. 1927, § 8189, has been brought to our attention. We adopt the construction and the reasons therefor announced in McLaughlin v. Minnesota L. & T. Co. 192 Minn. 203, 255 N. W. 839. This does not, however, change the result. We place our affirmance solely on the ground that defendant is an equitable assignee in possession, as stated in the original opinion. Haley v. Boston Belting Co. 140 Mass. 73, is clearly distinguishable on the facts.

Petition denied.

