## NORTHWESTERN NATIONAL BANK & TRUST COMPANY v. MEDICAL ARTS BUILDING COMPANY.[1]

April 18, 1935.

No. 30,347.

See 192 Minn. 6, 255 N. W. 85.

*Guesmer, Carson & MacGregor*, for appellant.

*Kingman, Cross, Morley & Cant*, for respondent.

[1]Reported in 260 N. W. 296.

STONE, JUSTICE.

Action for rent wherein defendant appeals from a judgment for plaintiff entered on the pleadings.

For more history of the controversy than we shall repeat now, see Minnesota L. & T. Co. v. Medical Arts Bldg. Co. 192 Minn. 6, 255 N. W. 85, where this defendant was held liable for rent (for an earlier period) of the involved premises as an equitable assignee in possession. Plaintiff, as trustee, is lessor in the long-term lease under which it again claims rent. The lessee was Capitol Realty Company, an Iowa corporation. While in possession as lessee, it bound itself, by executory contract, to assign the leasehold to one Mansfield upon the performance by him of certain covenants, principally to pay money. That contract has never been fully performed on either side. Defendant, at the time of the trial of the first case, was in possession as Mansfield's assignee.

Since the first case was disposed of the situation appears from defendant's answer to have changed in a determinative way. It is averred for defendant that for good reason it has rescinded the contract between Capitol Realty Company and Mansfield for the assignment of the lease. Rescission aside, it is not argued that the answer does not show such breach of the contract for assignment of the lease by the vendor, Capitol Realty Company, as to discharge Mansfield as vendee and defendant as assignee from further obligation under that contract. In addition to the rescission, it is averred that by reason thereof defendant went out of possession before the beginning of the quarter, rent for which is sought to be recovered by this action. Rescission, and we must assume there was one, put an end to the contract. So it is too plain for argument that the rescission, plus defendant's going out of possession, put an end to its obligation to pay rent.

As long as it remained equitable assignee of the lease in possession it was liable because of its privity of estate with the lessor, plaintiff. The covenant to pay rent ran with the title. Both defendant's equitable title and its possession terminated, there is nothing to which any covenant running with the title can longer attach so as to fix liability thereunder upon defendant.

No other result is possible under the rule of McLaughlin v. Minnesota L. & T. Co. 192 Minn. 203, 255 N. W. 839. The point, as already suggested, is that defendant has rid itself of the burden by being divested of both the estate and possession to which it was attached. The argument for plaintiff is that: "The privity of estate existing by virtue of appellant's equitable assignment and ownership could not be terminated by ceasing to occupy the premises." Why not? Suppose its contract for future assignment of the leasehold had been rescinded by Capitol Realty Company, the vendor, for good cause such as the nonperformance by the vendee of its covenant to pay the purchase price, and that pursuant to such cancellation the vendee or defendant, its assignee, had been ousted of possession. The latter's estate and possession both would have been ended, and no one could claim properly that any obligation to pay rent continued upon it. In legal substance, the case so supposed is identical with this. The equitable estate of the vendee would be destroyed because of the termination of the contract creating it. In consequence, the possession which went with that equitable estate would also have been terminated. The defendant is no longer an assignee, equitable or otherwise, and, being no longer in possession, is under no liability.

Judgment reversed.